## CALDWELL v. UNITED STATES.

### No. 10651.

Circuit Court of Appeals, Fifth Circuit.

Dec. 2, 1943.

122

Bart A. Riley and A. C. Dressler, both of Miami, Fla., for appellant.

H. S. Phillips, U. S. Atty., of Tampa, Fla., and Ernest L. Duhaime, Asst. U. S. Atty., of Miami, Fla., for appellee.

Before HUTCHESON and HOLMES, Circuit Judges, and RUSSELL, District Judge.

RUSSELL, District Judge.

The appellant, Max Caldwell, and his codefendant, Michael Savachka, were convicted under both the first and second counts of an indictment charging conspiracy to violate, and violation of, the Selective Training and Service Act of 1940.[1] Caldwell was sentenced to serve a term of two years and pay a fine of two thousand dollars on the first count, and two years on the second count, to run concurrently with the sentence imposed on the first count. Savachka was placed upon probation and Caldwell alone prosecutes this appeal. He urges as grounds for reversal that the court erred, in overruling his demurrers to the indictment and in denying his motion in arrest of judgment; in refusing to direct a verdict of not guilty; and in the denial of his motion for a new trial. He also assigns error upon the admission in evidence of an indictment returned against Michael Savachka in Chicago, Illinois, in December, 1942. Appellant was by the Florida Grand Jury indicted for the offense of harboring and concealing within the Miami jurisdiction Michael Savachka "for whose arrest a

---

[1] 50 U.S.C.A. Appendix, § 311.

warrant had been issued in the Northern District of Illinois on an indictment returned by the United States Federal Grand Jury in and for the Northern District of Illinois".[2] After the evidence had closed, the defendant, Caldwell, moved for a directed verdict of not guilty upon both indictments and the court, holding that no evidence that any warrant or process had issued under the indictment as charged, ruled that "the motion for dismissal of case No. 6213 is granted, and the defendant is discharged from proceeding in case 6213". Upon the jury returning to the court room the court stated to the jury "I wish to now advise you of the fact that case No. 6213, which I shall explain to you somewhat more fully in detail, has been withdrawn from your consideration, and there remains only case No. 6214 to be submitted to you". The court thereupon fully instructed the jury as to the elements of the offense charged by the remaining indictment, upon which the defendant was convicted, but did not refer to the indictment for harboring and concealing. This failure of the court is assigned as prejudicial error, it being insisted that the court should have directed a verdict of not guilty instead of only withdrawing the case from the jury's consideration.

The indictment upon which a verdict of guilty as to each count was returned, in the first count charged that on or about the first day of May, 1941, and continuously until the date of the indictment Michael Savachka, alias Mike Savachka, alias Mike Anderson, and Max Caldwell, alias Max Pollack, did unlawfully conspire and agree to commit an offense by violating section 11 of the Selective Training and Service Act of 1940 in the following manner:

"That heretofore, to-wit, on the 16th day of October, A. D. 1940, the defendant Michael Savachka came under the Selective Training and Service Act of 1940 and he registered as required by law in the City of Chicago and State of Illinois, thus the defendant Michael Savachka was a 'selected' man charged with the duties of the rules and regulations as promulgated under the Selective Training and Service Act of 1940.

"That on or about the 1st day of May, A. D. 1941, the defendant Michael Savachka and the defendant Max Caldwell and others unknown to this grand jury aware of the Selective Service status of the defendant Michael Savachka and the laws and regulations pursuant thereto conspired to commit offenses against the United States by violating Section 11 of the Selective Training and Service Act of 1940, to-wit:

"(a) The cause Michael Savachka to leave the City of Chicago and State of Illinois and to proceed to Miami, Florida, with defendant Max Caldwell and to willfully neglect to inform the defendant's, Michael Savachka's, Local Draft Board in Chicago, Illinois, of his change of address.

"(b) To cause the defendant Michael Savachka to willfully evade service.

"(c) To cause the defendant Michael Savachka to willfully evade a requirement of the Act. * * *"

It is alleged that in pursuance of the conspiracy certain specified overt acts were done. Each of the overt acts with two exceptions relate to acts of the defendant manifesting interest in and support of his alleged coconspirator Savachka during the time he was in and near Miami, of a nature which would have constituted proper supporting evidence of the charge of harboring and concealing. The two acts which might be said to have relation to the conspiracy as charged are first, alleging that on or about the 1st day of May, 1941, Caldwell drove Savachka to Caldwell's home in Miami Beach, Florida. There is no evidence whatever of this act in the record. The eighth act alleges that Caldwell informed an agent of the FBI and the Chief of Detectives, Miami Beach, Florida, that he had not seen Savachka nor did he know his whereabouts. The subsequent testimony as to this is that Caldwell told the officers about September 30th, 1942, that he knew Savachka and the last he heard of him he was in New York trying to get in the army. One officer testified that when told to notify him if he saw Savachka, that Caldwell stated that "he did not want to see Savachka, that he didn't want a hot man around him as he had just gotten out of Court in Chicago himself". The other officer testified that Caldwell stated he would communicate any knowledge he obtained of Savachka to the FBI.

The charge contained in the second count of the indictment can best be stated by quoting it. It charges that the defend-

---

ants, of the same names and aliases as charged in the first count "did unlawfully, knowingly, willfully and fraudulently commit an offense against the United States by violating section 11 of the Selective Training and Service Act of 1940, Section 311, Title 50 U.S.C.A.Appendix, in that the defendant Michael Savachka, a person charged with the duty of carrying out the provisions of the Selective Training and Service Act of 1940 and the rules and regulations made in pursuance thereto and he the said defendant Michael Savachka having on October 16, 1940, registered under the Selective Training and Service Act of 1940 at Chicago, Illinois, with the counsel and aid of the defendant Max Caldwell, knowingly made a false and improper second registration and did at that time, to-wit, during the month of February, 1942, register at Local Board Number 3, Dade County, Florida, at which time the defendant Michael Savachka with the aid and counsel of the defendant Max Caldwell presented himself before the said Local Board and did knowingly falsely misrepresent his age in this his second certificate of registration and did so register at the said time with the aid and counsel of the defendant Max Caldwell, well knowing that he the said defendant Michael Savachka had previously registered on October 16, 1940, at Chicago, Illinois, and was at that time delinquent with his local draft board at Chicago. That the said defendant Max Caldwell counseled, aided and abetted the said defendant Michael Savachka to make false and fraudulent registration; that he, the defendant Max Caldwell, likewise, well knew at the said time that the defendant Michael Savachka had previously registered and was delinquent with his Local Draft Board in Chicago, Illinois", contrary to the statute designated as Section 311, title 50 U.S.C.A.Appendix.

The first count of the indictment fails to charge any offense and the demurrer thereto should have been sustained on that ground. While in the charge to violate a statute the elements of the statute charged to have been conspired to be violated need not be set forth with the particularity required in charging a substantive offense, still a charge of conspiracy to violate the Selective Training and Service

Act of 1940 without further specification would be too vague to withstand a motion to quash. The manner in which the conspiracy to violate the statute is alleged boils down to three things: the (a), (b), and (c) of the indictment above quoted. It is not a violation of the statute to cause a selected man to leave the place of registration. Nor, is it a violation of the statute to willfully neglect to inform a registrant's local board "of a change of address".[3] The offense, under the act and regulations, is the willful failure of the registrant "to keep his local board advised at all times of the address where mail will reach him", and a registrant is not required "to notify the Local Board of every move or every address".[4] While it may be conceded that the failure to notify the board of a change in address in all probabilities would as a matter of fact frequently lead to a failure to keep the Local Board advised of the address where mail would reach the registrant, this does not necessarily follow and at most is only one of the fact elements going to make up the offense rather than the offense itself. On the other hand, one might change his place of residence six times and yet comply with the provisions of the statute. In a case where liberty may be at stake the criminal charge should measure up to the test of the statute and then be supported by facts. It is not proper to permit the charge of an act which is innocent in itself under the statute and regulations to be used as a means of trial and as authority for the introduction of evidence disclosing the commission of an offense. In other words, a violation of the statute and regulations should be charged rather than the allegation of an act which may or may not constitute an offense. The alleged conspiracy to cause Savachka (b) to willfully evade service, and (c) to willfully evade a requirement of the Act are likewise insufficient.[5] The government concedes that the indictment was predicated upon this case, but the difference is that in the Offutt case the indictment contained a charge of conspiring to cause the registrant to "fail to report for induction", which is an offense under the statute and regulations.

The second count of the indictment, though inartfully drawn, sufficiently charges an offense and the demurrer thereto was

[3] Bartchy v. United States, 319 U.S. 484, 63 S.Ct. 1206, 87 L.Ed. —.

[4] Bartchy v. United States, supra.

[5] United States v. Offutt, 75 U.S.App.D.C. 344, 127 F.2d 336, 339.

properly overruled, and the subsequent denial of the motion in arrest of judgment was therefore proper.

The evidence in behalf of the government (none was introduced in behalf of the defendants), fails to support the verdict of guilt upon either count of the indictment, and even as defectively charged in the first count. As to the conspiracy count the record is silent as to any actual knowledge of Caldwell that Savachka had even ever registered. The inference relied upon by the government of this knowledge, said to be supported by his statement that Savachka was a "hot man", and the fact that he showed interest in Savachka and on occasions paid his room rent while he was living in Miami and Miami Beach under the name of Mike Anderson and that he had known him in Chicago is not sufficient to show knowledge and will not at all support the charge of conspiracy to neglect to inform Savachka's Draft Board of his change of address. Furthermore, the evidence relied upon to prove the defendant, Savachka, had once registered goes only to the extent of showing that one Michael Savachka was registered with a Local Board in Chicago and that letters sent to the address given upon the questionnaire were returned unanswered, and in another instance when written to Miss Mary Savachka at another address was returned to the Board with the notation that her brother was not there and she did not know his whereabouts. There was not only a failure to prove the identity of the co-conspirator on trial with the Michael Savachka in Chicago, but an utter failure to show that the defendant, Caldwell, had any knowledge of any failure of the Illinois registrant to notify his Local Board of any change of address.

As to the second count, the evidence is silent as to Savachka's true age, and as stated above, there is no proof of his identity with the Savachka registered in Illinois. This, and the further absence of any evidence that Caldwell knew of any Chicago registration leaves the finding of his guilt upon the second count without any support in the record. The most that could be claimed that is established by the government's evidence in support of this count is that Caldwell counseled and procured Savachka to give his age as 21, when according to a witness he looked more like 36. There is no proof of his real age, the government relying upon the presumption arising from the fact that he registered in Chicago in 1940 at a time when only those 21 years of age or older were required to register. This establishes nothing however in view of the fact that the identity of the Illinois registrant and the Florida defendant was not attempted to be shown during the trial. The testimony of the witness Messina to the effect that at one time Savachka stated to him after he had just returned from Camp Blanding where he was sent by the Miami Beach Board upon his request for immediate induction, but rejected, that "then something was said about the Draft Board was looking for him in Chicago, and I turned to him and said 'what in the devil are they looking for you for you were at Blanding and they rejected you' so for some unknown reason the conversation stopped there", and the subsequent affirmative answer of this witness to the question "he mentioned that the Draft Board in Chicago was looking for him" is insufficient to establish the essential ingredient of the criminal charge,—that the Florida registrant had in fact registered in Illinois as charged in the indictment.

The indictment returned by the Illinois Grand Jury against Mike Savachka charging the offense of failing, as a registrant, to perform the duty of executing his questionnaire and of failing to perform the duty of advising his Selective Service Board of his change of address, returned December 2, 1942, and after the arrest of both Caldwell and Savachka in October, 1942, was admitted in evidence in support of the harboring charge under indictment No. 6213 which was later withdrawn from the jury. No motion for its withdrawal from the evidence was made after indictment No. 6213 was eliminated. Under the circumstances and in view of the legal effect of the withdrawal of that charge from the jury, this question, as well as that arising from the failure of the court to direct a verdict of not guilty on this indictment, will not arise again and no ruling is required.

Because the evidence was insufficient to support the verdicts of guilt against appellant Caldwell, they and the sentences thereupon imposed are set aside and the cause remanded to the trial court for proceedings not inconsistent with this opinion.